**WO**                                                                              KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CV 11-1994-PHX-GMS (ECV) |
|---|---|---|
| Plaintiff, | ) | No. CR 11-1078-PHX-GMS |
| v. | ) | **ORDER** |
| Margarito Cuevas-Madriz, | ) | |
| Defendant/Movant. | ) | |

Movant Margarito Cuevas-Madriz, who is confined in the Corrections Corporation of America-Florence Correctional Center in Florence, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  The Court will summarily dismiss the motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326(a).   The plea agreement provided for a sentencing range of 24 to 30 months. On October 3, 2011, the Court sentenced Movant to a 27-month term of imprisonment followed by 3 years on supervised release.

Movant seeks a reduction of his sentence.  He argues that the Court improperly denied his motion to "remove" counsel and that his legal counsel did not "do anything for help for over six months."

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

1   from the motion, any attached exhibits, and the record of prior proceedings that the moving

2   party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the

3   United States District Courts.  When this standard is satisfied, neither a hearing nor a

4   response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526

5   (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

6   **III.   Waiver**

7        Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals

8   has found that there are "strict standards for waiver of constitutional rights." United States

9   v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume

10  waiver from a silent record, and the Court must indulge every reasonable presumption

11  against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d

12  1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and

13  unequivocal.

14       Plea agreements are contractual in nature, and their plain language will generally be

15  enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

16  398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a

17  § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,

18  433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

19  claims that cannot be waived are claims that the waiver itself was involuntary or that

20  ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.

21  Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

22  right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

23  ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,

24  32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

25  erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,

26  985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

27  assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4

28  (declining to decide whether waiver of all statutory rights included claims implicating the

voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable."   United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).  See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case**.

(Doc. 21) (emphasis added).  Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily.  (Doc. 21).

Movant's assertions in his § 2255 motion do not pertain to the voluntariness of the waiver.  Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted his plea as voluntarily made.  Consequently, the Court finds that Movant waived the issues raised in his § 2255 motion.  The Court will therefore summarily dismiss the motion.

**IT IS ORDERED:**

(1)     The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 22 in CR 11-1078-PHX-GMS) is **denied** and the civil action opened in connection with this Motion (CV 11-1994-PHX-GMS (ECV)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 28th day of November, 2011.

G. Murray Snow
United States District Judge